UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE L. COLEMAN,

    Petitioner,

v.                                Case No: 2:11-cv-430-FtM-29CM

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS and FLORIDA ATTORNEY GENERAL,

    Respondents.

## OPINION AND ORDER

Lawrence Coleman (hereinafter "Petitioner" or "Coleman"), who is proceeding *pro se*, initiated this action by filing a timely Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 and supporting memorandum of law (Doc. #2) on July 25, 2011.[1] Petitioner raises two claims challenging his conviction and judgment after a jury trial of second degree murder and attempted robbery with a firearm, entered in the Twentieth Judicial Circuit Court, Lee County, Florida. Petition at 1. Respondent filed a Response opposing the claims raised in the Petition (Doc.

---

[1] The petition was filed in this Court on July 28, 2011, but was signed on July 25, 2011. Usually, the petition is considered filed when delivered to prison authorities for mailing and, absent evidence to the contrary, is assumed to be the date the inmate signed the document. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Respondent concedes that the Petition is timely filed, Response at 4-5. The Court agrees.

#13, Response), and attached exhibits in support (Exhs. 2-24). Petitioner filed a Reply (Doc. #18). This matter is ripe for review.

### I. Applicable § 2254 Law

**A.  Deferential Review Required By AEDPA**

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action. Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation,

qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 786-787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013); Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when

guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

**B. Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, ____ U.S. ____, 131 S. Ct. 1120, 1127 (2011)(quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider. A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983). A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual

"prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

    **C. Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the

standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby v. Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted). It is petitioner

who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Mendoza v. Sec'y, Fla. Dep't of Corr., ___ F.3d ___, 2014 WL 3747685, *20 (11th Cir. July 31, 2014)(quoting Richter, 131 S. Ct. at 788). "Where the highly deferential standards mandated by Strickland and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied Strickland's

deferential standard." Id. (quoting Downs v. Sec'y, Fla. Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013)). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (citing Knowles, 556 U.S. at 123). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state court decision denying the claim. Id. (citing Richter, 131 S. Ct. at 788). Finally, it is well established that the Strickland standard applies to ineffective assistance of counsel claims in the plea bargaining context. Gissendaner v. Seaboldt, 735 F.3d 1311, 1317 (11th Cir. 2013) (citations omitted).

## II. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

**A.   Ground One**

Petitioner argues that the trial counsel rendered ineffective assistance of counsel by failing to use a peremptory challenge or strike a biased juror during *voir dire*. Petition at 6. Specifically, Petitioner argues that Juror O'Drain "lied under oath" in response to the question whether she knew any of the parties.  Id.  In a group response to the question, O'Drain answered in the negative.  Id.  Petitioner argues that O'Drain knew Petitioner because she had worked at the county jail in the medical department where Petitioner was incarcerated and saw him on three occasions: once in 2006 and twice in in January of 2007. Id.  Petitioner also argues that O'Drain revealed a potential bias because she was a retired homicide detective and one of her family members was a victim of a robbery/murder.  Id. at 7.  Petitioner argues that defense counsel failed to ask O'Drain any specific questions about any bias stemming from her work experience or from the murder of her family member.  Id.

In Response, Respondent first argues that Ground One is not exhausted and is now procedurally defaulted under Florida law. Response at 11.  Respondent points out that in Petitioner's Rule 3.850 motion he faulted counsel for not questioning the juror further during *voir dire*, which is not the same claim presented *sub judice*.  Id.  Thus, Respondent argues that Petitioner's new assertions, that counsel was remiss for not exercising a peremptory

strike on juror O'Drain, are unexhausted and procedurally defaulted. Id. Turning to the merits of the claim, Respondent argues that the postconviction court's determination that counsel did not violate Strickland was not unreasonable. Id. at 19.

### a. Unexhausted and Procedurally Defaulted

The Court finds Ground One is unexhausted and would now be procedurally defaulted under Florida law, to the extent Petitioner argues that defense counsel should have peremptorily struck juror O'Drain.[1] See Exh. 7. Petitioner did not bring that portion of the instant claim to the state court's attention. Id. This portion of the claim is unexhausted and is now procedurally defaulted under Florida law. See Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990) (recognizing and applying two-year bar of rule 3.850); Zeigler v. State, 632 So. 2d 48, 51 (Fla. 1993); Foster v. State, 614 So. 2d 455, 458 (Fla. 1992). Petitioner does not establish any exceptions to the procedural default rule: cause and prejudice, or a fundamental miscarriage of justice. Thus, Ground One is dismissed as unexhausted and procedurally defaulted.

---

[1]Petitioner does not raise an actual juror bias claim *sub judice*. See Petition. If he had raised such a claim, the claim would be procedurally defaulted because he did not object at trial to the selection of the jury and did not raise the claim on direct appeal. See Exh. 2 (direct appeal brief); Exh. 12 at 2-3; Harvey v. Dugger, 656 So. 2d 1253 (Fla. 1995) (claims that could have been brought on direct appeal were procedurally barred from being brought through a collateral attack).

### b. Exhausted claim fails to satisfy § 2254(d)

In Petitioner's Rule 3.850 motion, he faulted defense counsel for not bringing to the court's attention that juror O'Drain knew Petitioner from the county jail. Petitioner's essentially argued that juror O'Drain concealed this "material information," *i.e.*, that she knew Petitioner from jail. The postconviction court determined that juror O'Drain did not necessarily lie when she answered that she did not know Petitioner because it was possible that she did not remember meeting him at the county jail. See Exh. 12. O'Drain *did* disclose during *voir dire* that she worked at the county jail as the physician assistant. See Exh. 7. Specifically, the postconviction court denied Petitioner relief on his claim as follows:

> Defendant argues that counsel was ineffective for failing to question Juror O'Drain regarding her knowledge of Defendant. Defendant alleges that Ms. O'Drain worked as a physician's assistant at the jail, and had treated Defendant. He contends that he provided counsel this information, but counsel failed to ask her if she knew Defendant. He further contends that Ms. O'Drain failed to disclose her knowledge of Defendant, so she concealed material information relevant to her service on the jury, and went on to be elected foreperson. A prospective juror has the duty to answer fully and truthfully all questions asked during *voir dire*, "neither falsely stating any fact, nor concealing any material matter…." De La Rosa v. Zequeira, 659 So. 2d 239, 241 (Fla. 1995). The record indicates the panel as a whole answered that they did not know the judge, Defendant, or the attorneys (T.9), and that Ms. O'Drain did

> state she was a physician assistant at the jail (T.15, 17). Defendant has not demonstrated that Ms. O'Drain answered falsely or concealed information. Merely because he remembered her, does not mean Ms. O'Drain remembered Defendant out of all the inmates she may have treated at the jail.
>
> Postconviction relief based on a lawyer's incompetence with regard to the composition of the jury is reserved for a narrow class of cases where prejudice is apparent from the record and a biased juror actually served on the jury. See Jenkins v. State, 824 So. 2d 977 (Fla. 4th DCA 2002). Defendant did not point to anything in the record that would support the conclusion that a biased juror actually served on his jury. Nor did the Court find any record evidence to support such a conclusion. Mr. O'Drain stated twice that she could be fair and impartial (T. 17, 103). Postconviction relief cannot be based on speculative assertions. Gore v. State, 964 So. 2d 1257 (Fla. 2007). Further, Defendant was present during *voir dire* and jury selection, and accepted the jury (T. 130, 134). A defendant may not stand silent while an objectionable juror is seated and later attempt to attack his conviction on that basis. Trotter v. State, 576 So. 2d 691 (Fla. 1990). Defendant has failed to allege any facts, if true, satisfy either prong of Strickland.

Exh. 12 at 2-3.

The postconviction court's decision was not contrary to or an unreasonable application of Strickland. Petitioner has not overcome the strong presumption that counsel acted properly during jury selection and that his jury selection decisions were not sound trial strategy. Harvey v. Warden, Union Corr. Inst., 629 F.3d 1228, 1245 (11th Cir. 2011) (discussing ineffective assistance of

counsel claim in jury selection); Manning v. State, 373 F. App'x 933, 935 (11th Cir. 2010) (affirming dismissal of ineffective assistance of counsel claim when counsel failed to strike a juror who did in fact express a bias on grounds that petitioner established no prejudice); Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1992) (counsel's actions during *voir dire* are presumed to be matters of trial strategy).  Accordingly, Petitioner is denied relief on Ground One.

### B. Ground Two

Petitioner argues trial counsel rendered ineffective assistance because "he believes there was a plea offer from the State" that defense counsel failed to covey to him. Petition at 9. Petitioner, for the first time, asserts that his mother contacted the prosecuting attorney after sentencing during which time the prosecutor "alluded" to a twenty-year plea offer.[2] Id. Petitioner contends that if counsel had shared the plea offer with him, he would have accepted it instead of proceeding to trial. Id.

In Response, Respondent notes that Petitioner raised a similar claim in his Rule 3.850 motion, but not the exact claim.

---

[2] Petitioner explains that in his Rule 3.850 motion, the inmate law clerk who filed the motion provided "specific dates a plea offer would have been discussed on the record rather than relying a 'hearsay' telephone conversation as the basis for an averment based on information and belief." Petition at 10.

In the Rule 3.850 motion, Petitioner argued that the state informed his attorney of plea offers in open court on May 8, May 24, June 7, 2007, and June 21, 2007. Response at 21. Based on these allegations, Respondent points out that the postconviction court denied Petitioner relief because the record refuted Petitioner's claim. Id. Thus, Respondent argues that to the extent the claim concerns new "improved" allegations that Petitioner's mother spoke to the prosecutor after sentencing, who alluded to a prior plea offer, the claim is unexhausted and procedurally defaulted under Florida law. Id. at 22. To the extent that the postconviction court denied a portion of Petitioner's claim, Respondent argues that the postconviction court's decision was reasonable. Id. at 22-24.

### a. Unexhausted and procedurally defaulted

The Court finds Ground Two is unexhausted and would now be procedurally defaulted under Florida law. Petitioner did not alert the postconviction court to any alleged conversation between his mother and the prosecutor. Exh. 7 at 6-7. Petitioner, in fact, even had an opportunity to file an amended Rule 3.850 motion and still did not include these significant allegations. Exh. 11. The failure to include these substantial allegations results in the instant claim being unexhausted and now procedurally defaulted under Florida law. See Whiddon, 894 F.2d at 1266(recognizing and applying two-year bar of rule 3.850); Zeigler v. State, 632 So. 2d

48, 51 (Fla. 1993); Foster v. State, 614 So. 2d 455, 458 (Fla. 1992). And, Petitioner does not show any exceptions to the procedural default rule: cause and prejudice, or a fundamental miscarriage of justice. Thus, Ground Two is dismissed as unexhausted and procedurally defaulted.

### b. Exhausted claim fails to satisfy § 2254(d)

To the extent a portion of Petitioner's claim was raised in his Rule 3.850 motion, the postconviction court's decision was not contrary to or an unreasonable application of Strickland. Nor was it an unreasonable application of the evidence in light of the facts presented. In denying Petitioner's claim, the postconviction court wrote:

> Defendant argues that counsel was ineffective for failing to convey a plea offer. Defendant alleged that the State informed counsel of plea offers in open court on the record before Defendant was present, on May 8, 2007, May 24, 2007, June 7, 2007, and June 21, 2007. The record refutes this claim. The transcripts of court hearings on those dates do not indicate any plea offers were discussed. Relevant portions of the transcripts are attached. Rather, counsel repeatedly indicated they were ready for trial. The only mention of a plea is in the case of Lawrence Coleman, Sr., Defendant's father, on June 6, 2007. Defendant did not allege any specific plea offer was conveyed. In his amended motion, Defendant states that he would have exercised his right to plea, if there was one, and that had "trial counsel requested for a plea negotiation, Defendant would have accepted the plea." Defendant further alleged that had "counsel done what was required of him, the State would have offered

>           the Defendant a plea." Contrary to
>           Defendant's belief, the State is not required
>           to offer a plea; it is in the State's
>           discretion. Defendant did not have a right
>           to a plea offer. Bass v. State, 932 So. 2d
>           1170 (Fla. 2d DCA 2006). Defendant has
>           failed, even after given leave to amend his
>           motion, to allege a specific plea offer that
>           counsel failed to convey. Defendant admits
>           in his amended motion that he asked counsel if
>           there was an offer, and counsel told him there
>           were no offers. The Court cannot find counsel
>           was ineffective due to the State declining to
>           make a plea offer in Defendant's case.
>           Defendant has failed to allege any facts that,
>           if true, satisfy either prong of Strickland.

Exh. 15 at 3-4.

Defense counsel does have an obligation to communicate formal offers from the prosecution to his or her client. Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012). However, in this case the postconviction court determined that the prosecutor did not offer a plea deal to defense counsel. This finding was not unreasonable. Notably, in Petitioner's claim before the postconviction court, he asserted a right to a plea offer from the state and acknowledged that one did not exist. This claim was a very different from the claim Petitioner brings *sub judice*. The postconviction court's decision was not contrary to or an unreasonable application of Strickland. Defense counsel cannot be faulted for failing to convey something that did not exist.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Grounds One and Two of the Petition for Writ of Habeas Corpus are **DISMISSED** as procedurally defaulted, or in the alternative **DENIED with prejudice** on the merits.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a

certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this   3rd   day of September, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record